UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


AMERICAN HOME MORTGAGE
SERVICING, INC.,

    Plaintiff,

v.                                                  CASE NO.: 8:10-cv-2726-T-23MAP

STINES DISASTER RECOVERY, INC.,

    Defendant.
_____/


**ORDER**

The plaintiff sues (Doc. 1) to recover money advanced to the defendant for reconstruction of a home damaged by fire. The defendant moves (Doc. 7) to dismiss on the basis that the plaintiff fails to join an indispensable party, the homeowner, who maintains a separate action in state court to recover the same money.[1] The plaintiff responds (Doc. 9) and asserts that the homeowner is not indispensable because the plaintiff, not the homeowner, paid the defendant.

---

[1] The defendant also moves to dismiss on the basis (1) that the plaintiff lacks standing and (2) that "the plaintiff's claims are not ripe for adjudication." (Doc. 7, Pages 7-8) The complaint (Doc. 1) alleges that the plaintiff overpaid the defendant and demanded a refund. These allegations satisfy standing and establish ripeness. The defendant also requests "jurisdictional discovery and [a] stay of other discovery" and purportedly seeks to "determine[ ]whether as American Home Mortgage Servicing, Inc. claims it is the sole possessor of the right to proceed with this lawsuit over the claim asserted." (Doc. 7, Page 9) The purported jurisdictional issue deals with the merit of the action, and the defendant fails to identify a reason to stay discovery.

Rule 19, Federal Rules of Civil Procedure, governs joinder of parties. Rule 19(a) states that:

> a person . . . whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a <u>substantial</u> risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. (emphasis supplied)

Neither party disputes that Linda Parks, the homeowner, is a resident of Florida and that her joinder deprives the court of subject matter jurisdiction. The defendant, however, asserts that Linda Parks' absence (more particularly, maintenance of her state court action) subjects the defendant to double liability. The plaintiff asserts that a recovery against Linda Parks is unlikely because "the money at issue doesn't belong to Linda Parks any more than it belongs to Stines." (Doc. 9, Page 6) The defendant fails to show a "substantial" risk of multiple liability.

Rule 19(b), titled "When Joinder is Not Feasible," states that:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience , the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> (A) protective provisions in the judgment;
> (B) shaping the relief; or
> (C) other measures;
> . . .
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

The defendant fails to demonstrate that the homeowner is indispensable or to demonstrate any material prejudice from the failure to join the homeowner. The motion to dismiss (Doc. 7) is **DENIED**.[2]

ORDERED in Tampa, Florida, on February 23, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The defendant's memorandum (Doc. 7) fails to conform to Local Rule 1.05, which requires, among other things, that "all pleadings and other papers tendered by counsel shall be typewritten, double-spaced . . . ." A further submission of a non-compliant document will subject counsel to sanction. Counsel is responsible to know and conform to the Local Rules. Counsel is ordered to read and conform to the Local Rules.