UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN HOME MORTGAGE
SERVICING, INC.,

    Plaintiff,

v.                                          CASE NO.: 8:10-cv-2726-T-23MAP

STINES DISASTER RECOVERY, INC.,

    Defendant.
_____/

**ORDER**

The plaintiff sues (Doc. 1) to recover money advanced to the defendant for re-construction of a home damaged by fire. The defendant moves (1) for a more definite statement, (2) to strike assertedly false allegations in the compliant, and (3) to dismiss each count of the complaint for failure to state a cause of action. The defendant's memorandum relies heavily on factual argument to justify the relief requested.

The defendant moves for a more definite statement and asserts that the complaint fails to comply with Rule 9(b), Federal Rules of Civil Procedure, which requires a party to plead fraud or mistake with particularity. The defendant fails to establish that the complaint alleges "fraud" and the only "mistake" that the complaint asserts is the plaintiff's mistake in over-paying the defendant. Instead of showing that the complaint fails to plead the mistake with particularity, the defendant asserts its own version of events and states that the complaint fails to account for the defendant's version of events.

The defendant moves, pursuant to Rule 12(f), to strike several of the plaintiff's allegations on the basis that the allegations are "all totally false." (Doc. 20, Page 8)  Rule 12(f) states that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The defendant fails to provide any authority for striking an assertedly false factual allegation.

The defendant moves to dismiss Count I, which states that "this is an action for an accounting."  Under Florida law, a party that seeks an accounting must show (1) that the parties share a fiduciary relationship or that the questioned transactions are complex, and (2) that a remedy at law is inadequate.  American United Life Ins. Co. v. Martinez, 480 F.3d 1043 (11th Cir. 2007).  Instead of addressing the requirements, the plaintiff states that "[d]espite repeated requests, counsel for Stines has steadfastly refused to provide any documentation concerning anything it did in the furtherance of the construction of a new residence on the property."  (Doc. 26, Page 10)  The plaintiff fails to state a claim for an accounting.  Any information the plaintiff needs is available through discovery.

The defendant moves to dismiss Counts II and III, which allege a claim for conversion and civil theft, respectively.  "In order to establish an action for civil theft, the claimant must prove the statutory elements of theft, as well as criminal intent."  Florida Desk, Inc. v. Mitchell Intern., Inc., 817 So.2d 1059 (Fla. 4th DCA 2002).  The plaintiff fails to allege theft or criminal intent.  Moreover Florida Desk holds that a conversion claim requires an obligation to "keep intact or hold a specific fund."  Florida Desk, 817 So.2d at 1061.  The plaintiff alleges that the defendant received the overpayment by mistake and

- 2 -

fails to allege any obligation or agreement on the handling of money paid to the defendant.

The defendant moves to dismiss Counts IV and V, which allege claims for "money had and received" and unjust enrichment. The defendant's memorandum relies on an alternative version of events, but, as stated in the defendant's memorandum, "[a]ll factual allegations of the operative complaint are considered true and all inferences from those facts will be construed in the light most favorable to the Plaintiffs. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. Of Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010)" (Doc. 20, Page 8)  The plaintiff's complaint adequately alleges a claim for "money had and received" and a claim for unjust enrichment. The defendant's factual arguments are properly asserted at a later stage of litigation.

The motion (Doc. 20) is **GRANTED IN PART**.  Counts I, II, and III of the Complaint are **DISMISSED**.  On or before **May 10, 2011**, the plaintiff shall file an amended complaint omitting each dismissed count. The plaintiff may also amend the complaint to clarify or elaborate on matters raised in the defendant's memorandum.

ORDERED in Tampa, Florida, on May 4, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE